```
                    IN THE UNITED STATES DISTRICT COURT
                    FOR THE SOUTHERN DISTRICT OF TEXAS
                              HOUSTON DIVISION


CHRISTOPHER PAUL BELLOWS,       §
TDCJ-CID # 795824,              §
                                §
          Petitioner,           §
                                §
                                §
v.                              §     CIVIL ACTION NO. H-05-2810
                                §
DOUGLAS DRETKE,                 §
                                §
          Respondent.           §
```

**MEMORANDUM OPINION AND ORDER**

Pending before this Court is a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254, filed by Christopher Paul Bellows, an inmate of the Texas Department of Criminal Justice - Criminal Institutions Division (TDCJ-CID). After reviewing the pleadings and available state court records, the Court will dismiss Bellows's habeas petition because it is untimely under the provisions of the Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996. 28 U.S.C. § 2244(d).

**I. Procedural History and Claims**

After a trial by jury, Bellows was convicted of aggravated robbery and aggravated sexual assault. State v. Bellows, No. 709427 (208th Dist. Ct., Harris County, Tex. June 26, 1997) (aggravated robbery); State v. Bellows, No. 709426 (208th Dist.

Ct., Harris County, Tex. June 26, 1997) (aggravated sexual assault). Bellows was then sentenced to forty years in prison for the aggravated robbery conviction and sixty years for the aggravated sexual assault conviction. Id. See also Texas Judiciary Online Website, http://www.courts.state.tx.us/. Bellows filed an appeal; the Court of Appeals for the Twelfth Judicial District of Texas affirmed the trial court judgments. Bellows v. State, No. 12-95-00230-CR (Tex. App. - Tyler Feb. 26, 1999); Bellows v. State, No. 12-95-00231-CR (Tex. App. - Tyler Feb. 26, 1999). Bellows filed petitions for discretionary review (PDR) in each case; the Texas Court of Criminal Appeals refused the PDRs on June 22, 1999.[1] PD-0477-99; PD-0477-99. No petition for writ of certiorari was filed.

On December 12, 2003, Bellows filed state applications for writs of habeas corpus challenging both convictions. The applications were forwarded to the Court of Criminal Appeals, which denied them without a written order based on the findings of the trial court on August 25, 2004. Ex parte Bellows, No. WR-36,590-02; Ex parte Bellows, No. WR-36,590-03. See Petition at 3-4,

---

[1] Bellows asserts that the Court of Criminal Appeals refused to grant a PDR on May 26, 1999. See Petition, Docket Entry No. 1, at 3. The records available on the Twelfth Court of Appeals Website reflects that a PDR was refused on that date and that a subsequent refusal was made on June 22, 1999. See http://www.courts.state.tx.us/. For the purpose of determining timeliness, the court will use the latter date.

2

Answer # 11; Texas Court of Criminal Appeals Website. (http://www.cca.courts.state.tx.us/).[2]

The pending federal petition is considered filed on June 1, 2005, the date of Bellows's signature and the earliest possible date he could have given the petition to a TDCJ-CID official for delivery to the Clerk of this Court. Sonnier v. Johnson, 161 F.3d 941, 945 (5th Cir. 1998); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998).

Bellows raises the following claims in his federal petition:

1.  Bellows's convictions were obtained by the use of a coerced confesssion.

2.  There was insufficient evidence to support the two convictions.

3.  Bellows was denied effective assistance of counsel.

## II. One-Year Statute of Limitations

Bellows's habeas petition is subject to the AEDPA provisions which restrict the time in which a state conviction may be challenged because the petition was filed after April 24, 1996, the date the AEDPA was enacted. Flanagan v. Johnson, 154 F.3d 196,

---

[2] Although not declared in Bellow's federal habeas petition, the Website for the Court of Criminal Appeals shows that Bellows filed a prior state habeas application during the pendency of his appeals. On March 4, 1998, this application was dismissed as improperly filed. Ex parte Bellows, No. WR-36,590-03. Consequently, the writ application, which was dismissed before the convictions became final, has no tolling effect on the limitations period. See Larry v. Dretke, 361 F.3d 890, 895 (5th Cir. 2004).

3

198 (5th Cir. 1998). Under the AEDPA, federal habeas petitions which challenge state court judgments are subject to a one-year limitations period found in 28 U.S.C. § 2244(d), which provides as follows:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)(2).

The Court is authorized to make a determination regarding timeliness of the petition before ordering the State to use its

limited resources to answer it.  See Kiser v. Johnson, 163 F.3d 326, 329 (5th Cir. 1999).

Bellows challenges the validity of a state court judgment. Therefore, his challenge is subject to the time limit set out under § 2244(d)(1)(A).  The petition and the state court records indicate that the convictions became final on September 20, 1999, the last day that Bellows could have filed a petition for writ of certiorari.  Foreman v. Dretke, 383 F.3d 336, 338 (5th Cir. 2004) (habeas petitioner's state conviction became final 90 days after the Court of Criminal Appeals denied his PDR).

Bellows's state habeas applications were filed on December 12, 2003, more than three years after the conviction became final. Therefore, any subsequent federal habeas application would be untimely.  See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (state habeas application filed after the expiration of the one-year time limit did not toll the period).  Bellows's federal habeas petition was not filed on June 1, 2005, more than nine months after the Court of Criminal Appeals denied the state habeas applications and more than five years and eight months after the convictions became final.  Bellows has not shown that he was subject to any state action that impeded him from timely filing his federal habeas petition.  28 U.S.C. § 2244(d)(1)(B).  There is no showing of a newly recognized constitutional right upon which Bellows's petition is based; nor is there a factual predicate of the claims that could

5

not have been discovered before the challenged conviction became final. 28 U.S.C. § 2244(d)(1)(C), (D). Therefore, this action is subject to dismissal because it was filed more than one year after the convictions became final. 28 U.S.C. § 2244(d)(1)(A).

### III. Certificate of Appealability

A certificate of appealability will not be issued unless the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This standard "includes showing that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 120 S.Ct. 1595, 1603-04 (2000) (internal quotations and citations omitted). Stated differently, the petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id.; Beasley v. Johnson, 242 F.3d 248, 263 (5th Cir. 2001). On the other hand, when denial of relief is based on procedural grounds, the petitioner must not only show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." Beasley, at 263, quoting Slack, 120 S.Ct. at 1604; see

also Hernandez v. Johnson, 213 F.3d 243, 248 (5th Cir. 2000). A district court may deny a certificate of appealability, sua sponte, without requiring further briefing or argument. Alexander v. Johnson, 211 F.3d 895, 898 (5th Cir. 2000). The Court has determined that Bellows has not made a substantial showing that reasonable jurists would find the Court's procedural ruling to be debatable; therefore, a certificate of appealability from this decision will not be issued.

## IV. Conclusion

Accordingly, the Court **ORDERS** the following:

1. The Petition for Writ of Habeas Corpus (Docket Entry No. 1) is **DISMISSED** with prejudice because it is untimely. 28 U.S.C. § 2244(d).

2. A certificate of appealability is **DENIED**.

3. The Clerk will provide a copy of this Memorandum Opinion and Order dismissing this action to the petitioner, and will provide a copy of the petition and this Memorandum to the respondent and the attorney general by providing one copy to the Attorney General of the State of Texas.

**SIGNED** at Houston, Texas, on this 21st day of October, 2005.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE